This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        **No. 31,661**

**ISAAC LEE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Gary K. King, Attorney General
James W. Grayson, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant appeals his conviction of second degree murder. He argues that because forensic pathologist Dr. Ross Reichard supervised but did not perform the

autopsy on Victim, his testimony about the autopsy and the cause of death violated Defendant's right of confrontation. Because Defendant failed to object to Dr. Reichard's testimony and because defense counsel sought admission of the autopsy report, we hold that Defendant waived his argument. We therefore affirm Defendant's conviction.

**BACKGROUND**

{2}    We do not provide a detailed summary of the factual and procedural background because the parties are familiar with the case and because this is a memorandum opinion. Suffice it to say that Defendant, Casey Jim, and Kevin Jim were involved in an altercation with Victim, who died as a result of stab wounds and blunt force trauma. A jury convicted Defendant of second degree murder.

**DISCUSSION**

{3}    Defendant acknowledges that he did not object to Dr. Reichard's testimony in any way. However, he maintains that he cross-examined Dr. Reichard and elicited the fact that Dr. Reichard did not actually perform the autopsy but instead merely "oversaw" the autopsy. He contends that it was fundamental error for the district court to allow Reichard to testify to the details documented by the physician who actually performed the autopsy. Fundamental error occurs when permitting a conviction to stand would result in a "miscarriage of justice." *State v. Barber*,

2

2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (holding that fundamental error "has been used both to describe cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused").

{4} In this case, Dr. Reichard testified about the various injuries found during the autopsy of Victim**.** He opined that the cause of Victim's death was multiple sharp force injuries and blunt force injuries. On cross-examination, Dr. Reichard testified that he supervised the autopsy, which was performed by a forensic pathology fellow. Defense counsel questioned Dr. Reichard about various diagrams and notations in the autopsy report. Counsel then stated that he would like the autopsy report to be made an exhibit and admitted. Thus, the statements in the autopsy report—which Defendant now claims were erroneously admitted in violation of his right to confront the maker of those statements—were admitted at the behest of Defendant himself.

{5} Assuming without deciding that admission of Dr. Reichard's testimony about the autopsy report was problematic, Defendant's arguments on appeal are unavailing. "A party cannot preserve an argument for error regarding the admission of evidence that the party introduced." *State v. Anaya*, 2012-NMCA-094, ¶ 36, 287 P.3d 956. Indeed, "[a]cquiescence in the admission of evidence . . . constitutes waiver of the issue on appeal." *State v. Campos*, 1996-NMSC-043, ¶ 47, 122 N.M. 148, 921 P.2d

3

1266. Further, "[t]he doctrine of fundamental error cannot be invoked to remedy the defendant's own invited mistakes." *Id*. "[T]o allow a defendant to invite error and to subsequently complain about that very error would subvert the orderly and equitable administration of justice." *State v. Handa*, 1995-NMCA-042, ¶ 35, 120 N.M. 38, 897 P.2d 225 (alteration in original) (internal quotation marks and citation omitted). Because the autopsy report was admitted at Defendant's request, Defendant has waived any objection he might have had to Dr. Reichard's testimony about the contents of that report.

**CONCLUSION**

{6}     For the foregoing reasons, we affirm Defendant's conviction.

{7}     **IT IS SO ORDERED.**


_____
                                 **CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**LINDA M. VANZI, Judge**

4